IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHRISTOPHER ROSS LEFEVER,
    Petitioner,                              Civil Action No. 7:14-cv-00600

v.                                               MEMORANDUM OPINION

UNITED STATES OF AMERICA,         By:    Hon. Michael F. Urbanski
    Respondent.                             United States District Judge

      Christopher Ross LeFever, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is presently confined at a correctional facility within this district, and this matter is before the court on the United States' motion to dismiss. After reviewing the record, the court concludes that Petitioner fails to demonstrate an entitlement to relief via § 2241 and grants the United States' motion to dismiss.

I.

      On June 7, 2005, the United States District Court for the Southern District of Georgia (the "District Court") sentenced Petitioner to, inter alia, 322 months' incarceration for five counts of robbery of a commercial business, in violation of 18 U.S.C. § 1951; one count of attempted robbery, in violation of 18 U.S.C. § 1951; and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The Court of Appeals for the Eleventh Circuit affirmed the convictions and sentences. On September 15, 2010, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with the District Court, which denied the motion on June 8, 2011. On November 3, 2014, Petitioner filed this § 2241 motion, arguing that he is innocent of being designated as a career offender under United States Sentencing Guideline § 4B1.1 and that Descamps v. United States, __ U.S. __, 133 S. Ct. 2276 (2013), requires that a new sentence be calculated.

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard:

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. Petitioner fails to establish how a change in substantive law made it legal to rob, attempt robbery, or use and carry a firearm during a crime of violence. Furthermore, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34). The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Moreover, even if Petitioner could satisfy the gatekeeping provisions of In re Jones, Petitioner would not be afforded relief many years after his conviction became final because Descamps has not been held as announcing a new,

constitutionally-based rule or as applying retroactively to cases on collateral review. See, e.g., In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015). Accordingly, Petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his convictions, his claims cannot be addressed under § 2241, and the petition must be dismissed.[1]

### III.

In conclusion, the court grants the United States' motion to dismiss and dismisses the § 2241 petition because Petitioner fails to demonstrate an entitlement to relief.

Entered: June 19, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] The court declines to construe Petitioner's § 2241 petition as a § 2255 motion. First, a § 2255 motion must be filed with the court that imposed the sentence. 28 U.S.C. § 2255(a). Second, Petitioner already filed a § 2255 motion to challenge his convictions. Consequently, Petitioner must receive pre-filing authorization from the Court of Appeals for the Eleventh Circuit to file a successive § 2255 motion in the District Court. 28 U.S.C. § 2255(h). Because Petitioner has not demonstrated receiving that authorization, a district court does not have jurisdiction to consider the merits of the claims under § 2255. Transferring a clearly successive § 2255 motion to the District Court does not further the interests of justice or judicial economy.